IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHARLIE BAKER**                                                                              **PLAINTIFF**

**v.**                                                          **No. 4:21CV165-JMV**

**PELICIA HALL, ET AL.**                                                   **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Charlie Baker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Mr. Baker alleges that the defendants found him guilty of a prison rule violation in a manner which infringed on his right to due process. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Allegations

Mr. Baker claims that the procedure used in finding him guilty of a prison rule violation infringed on his right to due process. On August 22, 2018, at 12:37 p.m., defendant Captain Leather Williams served Rule Violation Report #01686166 upon plaintiff Charlie Baker, accusing him of possession of a cell phone charger and earbuds. Doc. 1 at 18. Though Mr. Baker wished to call witnesses on his behalf, Captain Williams checked the box stating that Baker chose *not* to call witnesses (who, according to Baker, were willing to testify that the contraband items were not in his possession). He filed a grievance that day complaining about Captain Williams' actions. Doc. 1 at 8-9. As relief, he requested that the Rule Violation Report be expunged from his record (and that Captain Williams be retrained). The Administrative Remedy Program received the grievance on September 5, 2018. Doc. 1 at 10. The grievance was rejected for procedural reasons (failure to file an original grievance and failure to include a completed copy of the Rule Violation Report). Doc. 1 at 15.

Mr. Baker submitted an amended grievance, but it was rejected for failure to include a completed copy of the Rule Violation Report. Doc. 1 at 19.

After a disciplinary hearing, at which he was not permitted to present witnesses or documentary evidence, he was found guilty of the infraction – and punished by loss of all privileges, a reduction in custody level, and loss of Trusty status. Doc. 1 at 103. He appealed the guilty finding, which was ultimately upheld. Doc. 1 at 32-40, 42.

### The Plaintiff's Claims

Mr. Baker argues that the procedures for issuing the Rule Violation Report and to appeal it violated his right to due process. He states that his grievances were not appeals of the Rule Violation Report for which he was ultimately found guilty (though the Administrative Remedy Program treated them as such). He argues, instead, that his grievances challenged the procedure by which the Rule Violation Report was issued. Substantively, this is a distinction without a difference. Regardless of Mr. Baker's characterization of his grievances, each one was, at its core, a challenge to the disciplinary process. The first two grievances challenged the way in which the Rule Violation Report was issued (which foreclosed his opportunity to call witnesses). As such, the Administrative Remedy Program treated each as an appeal of the Rule Violation Report – rejecting the two pre-hearing grievances for failure to include necessary documentation (which was required – and would not be available until after the disciplinary hearing took place). Once the disciplinary process was complete, Mr. Baker appealed, challenging both the way in which the Rule Violation Report was issued, as well as the way in which the hearing was conducted. The Administrative Remedy Program ultimately denied Mr. Baker's appeal. Hence, despite Mr. Baker's arguments to the contrary, his grievances and appeal challenged the various stages of the disciplinary process on due process grounds.

### No Violation of Due Process

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other

constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was loss of all privileges, a reduction in custody level, and loss of Trusty status. Such punishment clearly fell "within the expected parameters of the sentence imposed by a court of law" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 24th day of February, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE